# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA ANN FARHAT, as personal representative of the estate of WILLIAM EDWARD FARHAT, JR., deceased; KIMBERLY DIANE PAGE, as personal representative of the estate of KRISTY ANN FARHAT, deceased; KAYLEE WALDEN, as personal representative of the estate of PHYSHER WYATT FARHAT, deceased; KAYLEE WALDEN, as guardian of WESTON BUCK FARHAT; and MELISSA HILL, guardian of the estate of BRAYDEN WAYNE HILL, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. CIV-19-401-SPS |

## OPINION AND ORDER

This matter is before the Court on the United States of America's Motion to Dismiss and Brief in Support [Docket No. 11], in which the government has moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court finds that the United States of America's Motion to Dismiss and Brief in Support should be GRANTED

for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

On April 23, 2017, William Edward Farhat, Jr., Kristy Farhat, Physher Wyatt Farhat, and Weston Buck Farhat were boating in the McClellan-Kerr Arkansas River Navigational System approximately one-half mile west of the W.D. Mayo Lock and Dam No. 14 when their boat's motor failed and would not restart.  *See* Docket No. 2, p. 5, ¶¶ 23-24.  The boat drifted towards the W.D. Mayo Lock and Dam No. 14 gates, struck Gate 1, and was pulled under water along with all passengers.  *See* Docket No. 2, p. 5, ¶¶ 25-26.  William Edward Farhat, Jr., Kristy Farhat, and Physher Wyatt Farhat died as a result of this accident and Weston Buck Farhat sustained injuries.  *See* Docket No. 2, p. 5, ¶¶ 27-33.

On or before February 5, 2019, the Plaintiffs each filed an administrative claim with the United States Army Corps of Engineers ("USACE").  *See* Docket No. 2, pp. 2-3, ¶¶ 4, 6, 8, 10, 12. The USACE has not made a final determination on the Plaintiffs' administrative claims.  *See* Docket No. 2, p. 3, ¶13.  On November 22, 2019, the Plaintiffs filed a Complaint in this Court asserting wrongful death and personal injury claims under the FTCA against the United States for negligence in operating the W.D. Mayo Lock and Dam No. 14.  *See* Docket No. 2.

In their Motion to Dismiss, the United States contends that the Plaintiffs' claims are not governed by the FTCA, but rather fall exclusively under the Suits in Admiralty Act ("SAA"), 46 U.S.C. §§ 30901-30918, which requires that a "civil action . . . must be brought within 2 years after the cause of action arose." 46 U.S.C. § 30905.  Because the Plaintiffs

did not file their Complaint until November 22, 2019, approximately two years and seven months after the accident, the United States contends that this action is untimely and therefore barred by the statute of limitations. The United States asserts in the alternative that the Court lacks subject matter jurisdiction because the Plaintiffs filed their Complaint outside the SAA's two-year statute of limitations or that the case should be dismissed for failure to state a claim because equitable tolling cannot save their claim. The Plaintiffs appear to concede that their claims arise exclusively under the SAA because they assert in their Response that the SAA's two-year statute of limitations should be tolled on equitable grounds and request leave to file an Amended Complaint asserting a claim under the SAA.

## LEGAL STANDARDS

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "generally take[s] one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir. 2002). When jurisdiction is challenged through a facial attack, the Court considers the allegations in the complaint to be true. *Id.* When jurisdiction is challenged through a factual attack, the Court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion" to consider documentary and testimonial evidence. *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995). The burden of establishing subject matter jurisdiction is on the party asserting it. *See Pueblo of Jemez v. United States,* 790 F.3d 1143, 1151 (10th Cir. 2015). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the

proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (quoting *Full Life Hospice, LLC v. Sebelius,* 709 F.3d 1012, 1016 (10th Cir. 2013)). Here, the Defendant appears to be raising a facial attack as to subject matter jurisdiction because the Complaint was filed outside the applicable statute of limitations.

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) "requires the court to evaluate the sufficiency of the plaintiff's allegations." *Kenney v. Helix TCS, Inc.,* 939 F.3d 1106, 1109 (10th Cir. 2019). Rule 12(b)(6) is read in conjunction with Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Rule 8(a)(2) "does not require 'detailed factual allegations,'" but does demand more than "[a] pleading that offers 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action' . . . or [that] tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps. Ret. Sys. of R.I. v. Williams Cos., Inc.,* 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Iqbal,* 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss under Rule 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true

and must construe them in the light most favorable to the plaintiff." *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.,* 771 F.3d 697, 700 (10th Cir. 2014). A defendant may raise an affirmative defense in a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Oklahoma Gas and Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016). Furthermore, a complaint is subject to dismissal for failure to state a claim "[i]f the allegations show that relief is barred by the applicable statute of limitations." *Nunn v. Relich,* 642 Fed. Appx. 905, 906, (10th Cir. 2016) (quoting *Jones v. Bock,* 549 U.S. 199, 215 (2007)). Under this Rule, the Defendant argues that, even if the SAA's statute of limitations is not jurisdictional, the Plaintiffs have failed to state a claim for relief because they have not met the requirements for equitable tolling sufficient to allow their claims to proceed. For the reasons set forth below, the Court finds that the Plaintiffs' Complaint should be dismissed for failure to state a claim.

## ANALYSIS

Under 28 U.S.C. § 1333(1), "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The SAA waives the United States' sovereign immunity for maritime torts committed by its agents in cases where a civil action in admiralty could be brought against a private individual. *See* 46 U.S.C. § 30903; *Tew v. United States,* 86 F.3d 1003, 1004-05 (10th Cir. 1996). To invoke federal admiralty jurisdiction over a tort claim, a party "'must satisfy conditions both of location and of connection with maritime activity.'" *U.S.*

*Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.,* 582 F.3d 1131, 1139 (10th Cir. 2009) (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock, Inc.,* 513 U.S. 527, 534 (1995)).  S*ee also Exec. Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249 (1972); *Foremost Ins. Co. v. Richardson,* 457 U.S. 668 (1982); *Sisson v. Ruby,* 497 U.S. 358 (1990).  Here, the parties both appear to agree that the SAA applies to this case, and the Court agrees.  As such, the central question the Court must first address is whether the statute of limitations under the SAA is jurisdictional.  For the reasons set forth below, the Court concludes that it is not.

Under the SAA, actions against the United States must be brought no later than two years after the cause of action arises.  *See* 46 U.S.C. § 30905.  A cause of action arises under the SAA on the date of the injury. *McMahon v. United States,* 342 U.S. 25, 27 (1951) ("[W]e think it clear that the proper construction of the language used in the Suits in Admiralty Act is that the period of limitation is to be computed from the date of the injury.").  It is undisputed that the injuries in this case were sustained on April 23, 2017, and that the Plaintiffs filed the instant action on November 22, 2019, nearly seven months after the expiration of the two-year limitations period.  Therefore, the Plaintiffs claims are time-barred unless the statute of limitations was tolled.  The Plaintiffs contend that the two-year statute of limitations under the SAA *should* be equitably tolled because the government's actions led them to delay filing their Complaint, but the statute of limitations is only subject to equitable tolling if it is not a jurisdictional requirement.

When a statute of limitations is jurisdictional, "a litigant's failure to comply with the bar deprives a court of all authority to hear a case," *United States v. Kwai Fun Wong,*

575 U.S. 402, 408-09 (2015). If the limitations period in the SAA is not jurisdictional, *then and only then* is it presumptively subject to the doctrine of equitable tolling. *See Barnes v. United States,* 776 F.3d 1134, 1144-45 (10th Cir. 2015) ("[W]here Congress has created a waiver of sovereign immunity filing deadlines related to that waiver are presumptively subject to such doctrines as equitable tolling. . .'We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States [.]'") (quoting *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95-96 (1999). The circuits are split as to whether the statute of limitations under the SAA is jurisdictional, but a majority of the Courts of Appeals that have addressed the issue have ruled that the limitations period under the SAA is not jurisdictional, and therefore *is* subject to equitable tolling. *Compare Wilson v. United States Gov't.,* 23 F.3d 559, 561-62 (1st Cir. 1994) (stating that the doctrine of equitable tolling applies to the SAA); *Hedges v. United States,* 404 F.3d 744, 747-50 (3rd Cir. 2005) (same); *Favorite v. Marine Pers. and Provisioning, Inc.,* 955 F.2d 382, 389 (5th Cir. 1992) (same); *Raziano v. United States,* 999 F.2d 1539, 1540-41 (11th Cir. 1993) (same); *with Smith v. United States,* 873 F.2d 218, 221 (9th Cir. 1989) (classifying the limitations period under the SAA as jurisdictional and holding that it cannot be extended for any reason); and *Szyka v. United States Sec'y of Defense,* 525 F.2d 62, 65 (2nd Cir. 1975) (holding that the limitations period under the SAA is a jurisdictional limitation not subject to waiver).

Although the Supreme Court has not specifically resolved whether the limitations period in the SAA is jurisdictional, recent Supreme Court precedent also supports a finding that § 30905 is not jurisdictional. "In recent years," the Supreme Court has "repeatedly

held that procedural rules, including time bars, cabin a court's power only if Congress has clearly stated as much." *Kwai Fun Wong,* 575 U.S. at 409 [internal quotation and citation omitted]. *See also, e. g., Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 435-36 (2011); *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 161-62 (2010). "[A]bsent such a clear statement, we have cautioned, 'courts should treat the restriction as nonjurisdictional in character.'" *Sebelius v. Auburn Reg'l Med. Ctr.,* 568 U.S. 145, 155 (2013) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 515 (2006)). The Supreme Court has therefore "made plain that most time bars are nonjurisdictional[,]" explaining that "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it." *Kwai Fun Wong,* 575 U.S. at 410. *Id.* In applying this rule, the Supreme Court held that the time limitations under § 2401(b) of the FTCA are not jurisdictional requirements. *Id.* at 412.[1]

The Tenth Circuit has not directly addressed the nature of the limitations period in the SAA but *has held* that the limitations periods for nontort civil actions against the federal government in 28 U.S.C. § 2401(a) are not jurisdictional. *See Chance v. Zinke,* 898 F.3d

---

[1] The Supreme Court has applied this "clear statement rule" to find that a wide variety of time limitations and other procedural rules are not jurisdictional. *See, e. g., Henderson,* 562 U.S. at 431 (holding that the filing deadline under 38 U.S.C. §7266(a) to appeal a decision from the Board of Veterans' Appeals to the United States Court of Appeals for Veterans Claims is not jurisdictional); *Reed Elsevier,* 559 U.S. at 157 (holding that the registration requirement under §411(a) of the Copyright Act is "a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction."); *Arbaugh,* 546 U.S. at 516 (holding that the minimum size requirement for employer coverage under Title VII is not a jurisdictional bar to a Title VII lawsuit); *Auburn Reg'l,* 568 U.S. at 148-49 (holding that the filing deadline for administrative appeal from a denial of certain Medicare reimbursements is not a jurisdictional bar to appeal).

1025, 1033 (10th Cir. 2018) ("Given the [Supreme] Court's strong recent emphasis on limiting jurisdictional bars and its unusually frank recognition in *John R. Sand [& Gravel Co. v. United States,* 552 U.S. 130] and *Kwai Fun Wong* that stare decisis and stare decisis *alone* renders § 2501 jurisdictional, we conclude that § 2401(a) isn't jurisdictional."). The Tenth Circuit has also recently held that the statute of limitations for benefit claims under the Black Lung Benefits Act in 30 U.S.C. § 932(f) is not a jurisdictional requirement. *See Big Horn Coal Co. v. Sadler,* 924 F.3d 1317, 1323 (10th Cir. 2019) ("The Secretary's interpretation that the BLBA's statute of limitations may be tolled in extraordinary circumstances is reasonable because section 932(f) is nonjurisdictional and therefore subject to a presumption that equitable tolling is permitted.").

In light of this Supreme Court and Tenth Circuit precedent, the Court finds that the limitations period in the SAA is not jurisdictional, and this case should not be dismissed for lack of subject matter jurisdiction. Like the FTCA, the SAA's statute of limitations addresses only the timeliness of a claim; "it does not refer to the jurisdiction of the district courts or address those courts' authority to hear untimely suits." *Kwai Fun Wong,* 575 U.S. at 403 [citations omitted]. Additionally, Congress separated the statute of limitations in the SAA from the jurisdictional grant (found at 28 U.S.C. § 1333(1)), just as it did with the FTCA, and such separation "often indicates that the deadline is not jurisdictional." *Id. See also Chance,* 898 U.S. at 1033 (finding that the separation of the statute of limitations from the jurisdictional grant "demonstrates that § 2401(a) was designed to serve as a standard, mine-run statute of limitations without jurisdictional qualities.").

Because the limitations period in the SAA is not jurisdictional, the question becomes whether the two-year limitations period should be equitably tolled in this specific case. If equitable tolling does not apply, the Complaint falls outside the statute of limitations and the Plaintiffs have failed to state a claim for which relief can be granted. "Equitable tolling is granted sparingly." *Chance,* 898 F.3d at 1034 (quoting *Impact Energy Res., LLC v. Salazar,* 693 F.3d 1239, 1246 (10th Cir. 2012)). Whether to grant equitable tolling is a discretionary matter for the district court. *Chance,* 898 F.3d at 1034. Under "long-settled equitable-tolling principles, generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id. See also Holland v. Florida,* 560 U.S. 631, 649 (2010). The "diligence prong . . . covers those affairs within the litigant's control" whereas the "extraordinary circumstances prong . . . is meant to cover matters outside its control." *Menominee Indian Tribe of Wisconsin v. United States,* 136 S.Ct. 750, 756 (2016). Extraordinary circumstances that could warrant equitable tolling include "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *Impact Energy Res., LLC,* 693 F.3d at 1246 (quoting *United States v. Clymore,* 245 F.3d 1195, 1199 (10th Cir. 2001)).

The Complaint filed by the Plaintiffs in this case plausibly alleges neither their own diligence nor the existence of any extraordinary circumstances. The Complaint *does* allege the filing of administrative claims with the USACE in compliance with 28 U.S.C. § 2675,

which is a prerequisite to any suit under the FTCA, but the SAA has neither an administrative prerequisite nor a provision that tolls the limitations period when an administrative claim is filed.[2]  "It is well-established that the filing of an administrative claim under the FTCA will not toll the limitations period for an action under the SAA." *Ayers v. United States,* 277 F.3d 821, 828 (6th Cir. 2002) (citing *McMahon*, 342 U.S. at 27).  *See also Rashidi v. Am. President Lines,* 96 F.3d 124, 127 (5th Cir. 1996) (stating that "the mere filing of an administrative claim does not toll [the] limitations" period under the SAA).  Thus, the statute of limitations for the Plaintiffs' claims under the SAA continued to run while they pursued administrative remedies for their claims pursuant to the FTCA. Despite their timely filed administrative claims under the FTCA, the Plaintiffs failed to diligently research the existence of a possible claim under the SAA, which the Court deems a "'garden variety claim of excusable neglect' to which we cannot extend equitable relief." *Hedges,* 404 F.3d at 754 (quoting *Irwin,* 498 U.S. at 96).  *See also Ayers,* 277 F.3d at 829 ("Diligent research was likely to have revealed not only the existence of a possible claim under the SAA, but also that the limitations periods for that action would most likely not be tolled by the filing of [Plaintiffs'] administrative claim[s].").

      The Plaintiffs argue that the statute of limitations should be equitably tolled because the USACE induced them to believe that the statute of limitations was tolled indefinitely

---

[2] The Admiralty Extension Act (46 U.S.C. § 30101), the Clarification Act (50 U.S.C. §§ 4701-4705), and the Contracts Disputes Act (41 U.S.C. §§ 601-613) contain administrative claims prerequisites that plaintiffs must follow before filing suit under the SAA.  The Plaintiffs' claims in this case arise directly under the SAA and do not invoke any other statutes, there is therefore no administrative claim prerequisite here.

or until the USACE took final administrative action on their claims and encouraged them to refrain from filing suit if satisfactory progress was being made in the administrative claims process. This argument is based upon correspondence from the USACE submitted to the Court for the first time as attachments to their response to the motion to dismiss. *See* Docket No. 15, Ex. 1, pp. 1-10. Inasmuch as this correspondence was not attached to the Complaint (or even referred to therein), the Court elects not to consider it or any argument based thereon and thereby convert the motion to dismiss into one for summary judgment under Fed. R. Civ. P. 56. *See, e. g., Alvarado v. KOB-TV, LLC,* 493 F.3d 1210, 1215 (10th Cir. 2007) ("In general, a motion to dismiss should be converted to a summary judgment motion if a party submits, *and the district court considers,* materials outside the pleadings.") [emphasis added].

In conclusion, the Court finds that the Plaintiffs have failed to plausibly allege in their Complaint any basis for application of equitable tolling to the statute of limitations in this case, and the Defendant's motion to dismiss should therefore be granted. The Plaintiffs urge the Court to grant them leave to amend the Complaint, which would of course be futile unless the Plaintiffs could demonstrate a basis for applying equitable tolling to their claim under the SAA. *See, e. g., Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. . . A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). On the other hand, amendment *might* permit the Court to reconsider the Plaintiffs' equitable tolling argument in light of the correspondence excluded above, *if*

the Plaintiffs attach such correspondence to the amended complaint and include additional allegations that explain how the correspondence misled them or otherwise prohibited them from timely asserting their claims under the SAA.  It is doubtful that the correspondence standing alone would justify equitable tolling in this case, but the issue has not been fully addressed and the Court is therefore reluctant to conclude at this juncture that amendment would be futile.  Consequently, the Plaintiffs are hereby granted leave to file an amended complaint within fourteen days setting forth their claims under the SAA and alleging any basis not heretofore addressed for application of the doctrine of equitable tolling.

For the reasons set forth above, IT IS HEREBY ORDERED that the United States of America's Motion to Dismiss and Brief in Support [Docket No. 11] is GRANTED for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) but otherwise DENIED.  IT IS FURTHER ORDERED that the Plaintiffs shall file any amended complaint as set forth above within fourteen days.

**DATED** this 25th day of September, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**