IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA ANN FARHAT, as personal representative of the estate of WILLIAM EDWARD FARHAT, JR., deceased; KIMBERLY DIANE PAGE, as personal representative of the estate of KRISTY FARHAT, deceased; KAYLEE WALDEN, as personal representative of the estate of PHYSHER WYATT FARHAT, deceased; KAYLEE WALDEN, as guardian of WESTON BUCK FARHAT; and MELISSA HILL, guardian of the estate of BRAYDEN WAYNE HILL, a minor,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | Case No. CIV-19-401-SPS |

**OPINION AND ORDER**

This matter comes before the Court on the United States of America's Motion to Dismiss Amended Complaint and Brief in Support [Docket No. 26], in which the government has moved to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that the Plaintiff's claims are time barred. For the reasons set forth below, the Court finds that the United States of America's Motion to Dismiss Amended Complaint and Brief in Support [Docket No. 26] should be GRANTED.

## BACKGROUND

The Plaintiffs allege in the Amended Complaint that on April 23, 2017, William Edward Farhat, Jr., Kristy Farhat, Physher Wyatt Farhat, and Weston Buck Farhat were boating in the McClellan-Kerr Arkansas River Navigational System when their boat's motor failed and would not restart, causing the boat to drift towards the W.D. Mayo Lock and Dam No. 14 gates.  *See* Docket No. 24, p. 5, ¶¶ 27-29.  The boat struck the Gate and all four passengers were pulled under water.  *See* Docket No. 24, p. 6, ¶¶ 29-30.  William Edward Farhat, Jr., Kristy Farhat, and Physher Wyatt Farhat died as a result of this accident, and Weston Buck Farhat sustained injuries.  *See* Docket No. 24, p. 6, ¶¶ 30-37.

The decedents' representatives each filed an administrative claim pursuant to the FTCA with the United States Army Corps of Engineers ("USACE").  *See* Docket No. 24, pp. 2-3, ¶¶ 3-12.  On February 20, 2019, the Department of the Army issued five letters to the Plaintiffs (as representatives of the deceased), attached as an Exhibit to the Amended Complaint, in which the Government acknowledged receipt of the forms submitted and that that forms were being processed under the FTCA, then stated:

> The Act contains a mandatory six-month administrative investigation and period in which settlement may occur.  Filing an administrative claim tolls the statute of limitations indefinitely or until the Army takes final administrative action in writing on the claim.[]
> The Act permits you to file a lawsuit six months after the claim was filed, provided the claim has been properly filed and adequately documented (28 U.S.C. § 2675(a)).  However, filing suit is not required, particularly if satisfactory progress is being made in the administrative claims process.  If you do not file suit, the statute of limitations will be tolled until you are notified in writing by certified mail of the final administrative action by the Army.

Docket No. 24, p. 3, ¶ 13 & Ex. 1, pp. 1, 3, 5, 7, 9.[1]

The Plaintiffs filed their original complaint herein on November 22, 2019, alleging an action for wrongful death under the Federal Tort Claims Act (FTCA). *See* Docket Nos. 1-3. The Government moved to dismiss the case for lack of jurisdiction or in the alternative, for failure to state a claim, asserting: (i) that the Plaintiffs' claim was cognizable only under the Suits in Admiralty Act (SIAA); and, (ii) that this action was untimely under the SIAA because it had been filed outside the applicable two-year statute of limitations, *i. e.*, the original complaint was filed November 22, 2019, which was two years, six months, and twenty-six days following the date of the accident and injury to the decedents on April 23, 2017. *See* Docket No. 11. The Plaintiffs acknowledged the applicability of the SIAA but contended that the statute of limitations was equitably tolled while the Government was considering their administrative claim under the FTCA. *See* Docket No. 15. The Court granted the motion to dismiss, finding that although equitable tolling *could* apply because the SIAA statute of limitations was not jurisdictional, the Plaintiffs had failed to state any basis for equitable tolling in the original complaint. The Court noted that the Plaintiffs' primary argument for equitable tolling was "based upon correspondence from the USACE submitted to the Court for the first time as attachments to their response to the motion to dismiss." Inasmuch as this correspondence was not attached to the Complaint (or even referred to therein), the Court elects not to consider it or any argument based thereon and

---

[1] "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

thereby convert the motion to dismiss into one for summary judgment under Fed. R. Civ. P. 56." *See* Docket No. 22, p. 12 [citations omitted]. But the Court noted that "amendment might permit the Court to reconsider the Plaintiffs' equitable tolling argument . . . *if* the Plaintiffs attach such correspondence to the amended complaint and include additional allegations that explain how the correspondence misled them or otherwise prohibited them from timely asserting their claims under the SAA." *See* Docket No. 22, pp. 12-13. The Court therefore granted the Plaintiffs "leave to file an amended complaint within fourteen days setting forth their claims under the SAA and alleging any basis not heretofore addressed for application of the doctrine of equitable tolling." *See* Docket No. 22, p. 13. The Plaintiffs did file an amended complaint attaching the correspondence with the USACE, but did not include any allegations as to how such correspondence might have misled them into not filing their claim within the two-year statute of limitations applicable to claims under the SIAA. Instead, the Plaintiffs alleged that the correspondence created a tolling agreement between the parties but did not otherwise explain how the doctrine of equitable tolling might apply to this case. *See* Docket No. 24, pp.3-4, ¶¶ 14-16. The Government thereupon moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted based on the two-year statute of limitations. See Docket No. 25.

## ANALYSIS

The Government again contends that the Plaintiffs' claims should be dismissed because they were filed outside the applicable statute of limitations under the SIAA. S*ee* 46 U.S.C. §§ 30901-30918 (under the SIAA, a "civil action . . . must be brought within 2

years after the cause of action arose."). Furthermore, the Governments asserts that the facts alleged are insufficient to support the application of the doctrine of equitable tolling. *See* Docket No. 26. The Plaintiffs respond: (i) that the Amended Complaint alleges the creation of an implied-in-fact contract tolling the statute of limitations, which allegations the Court must accept as true at this stage of litigation; and (ii) that the statute of limitations should be equitably tolled because the USACE actively misled them by stating that the statute of limitations had been tolled. *See* Docket No. 27. Neither argument is persuasive, and the Amended Complaint therefore must be dismissed.

There are a number of problems with Plaintiffs' argument as to the existence of an implied-in-law tolling agreement. First, as a conceptual matter, the allegations included in the Amended Complaint would appear to refer to an agreement in writing, not an implied-in-fact contract. *See, e. g., Sylvia v. Wisler*, 875 F.3d 1307, 1322 (10th Cir. 2017) ("The Complaint does not allege breach of an implied contract[.] Instead, the complaint alleges a written agreement. In other words, at issue here is an express contract: that is, neither an implied-in-fact contract—such as when a man silently enters a barbershop and receives a haircut without having said a word or signed any agreement—nor an implied-in-law contract—such as actions for *quantum meruit* or *quantum valebant* to obtain restitution of the value, respectively, of services or goods—is implicated by Mr. Sylvia's original complaint's averments."), *citing Kirk v. United States*, 451 F.2d 690, 695 (10th Cir. 1971) ("The express contract is proven by testimony showing the promise and the acceptance, whereas the implied contract is inferred from the acts of the parties and other circumstances showing an intent to contract."). Second, as procedural matter, it should be noted that the

Court granted the Plaintiffs leave to amend in order to allege facts to support application of a basis for equitable tolling, but there is nothing to suggest that the existence of any implied-in-fact contract would form such a basis. Finally, to the extent that any contract was formed between the parties (and the Government denies that there was), it is clear that it would be confined to its express terms, *i. e.*, that the statute of limitations for any claim *under the FTCA* would be tolled until the issuance of final administrative by the USACE. *See* Docket No. 25, Ex. 1. As this Court has previously noted, "[i]t is well-established that the filing of an administrative claim under the FTCA will not toll the limitations period for an action under the SAA." *Ayers v. United States,* 277 F.3d 821, 828 (6th Cir. 2002), *citing McMahon v. United States*, 342 U.S. 25, 27 (1951). *See also Rashidi v. Am. President Lines,* 96 F.3d 124, 127 (5th Cir. 1996) (stating that "the mere filing of an administrative claim does not toll [the] limitations" period under the SIAA). The Plaintiffs' arguments as to tolling by contract are therefore without merit.

Likewise without merit are the Plaintiffs' arguments as to equitable tolling. Again, as the Court has previously noted, equitable tolling is discretionary with the Court but is to be granted "sparingly[,]" *Chance v. Zinke,* 898 F.3d 1025, 1034 (10th Cir. 2018), *quoting Impact Energy Res., LLC v. Salazar,* 693 F.3d 1239, 1246 (10th Cir. 2012), "and not when there has only been 'a garden variety claim of excusable neglect.'" *Ayers,* 277 F.3d at 828, *quoting Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990). Under "long-settled equitable-tolling principles, generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Chance,* 898 F.3d at 1034.

*See also Holland v. Florida,* 560 U.S. 631, 649 (2010). The "diligence prong . . . covers those affairs within the litigant's control" whereas the "extraordinary circumstances prong . . . is meant to cover matters outside its control." *Menominee Indian Tribe of Wisconsin v. United States,* 136 S. Ct. 750, 756 (2016). Such "extraordinary circumstances" include "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *Impact Energy Res., LLC,* 693 F.3d at 1246, *quoting United States v. Clymore,* 245 F.3d 1195, 1199 (10th Cir. 2001). *See also Osbourne v. United States*, 164 F.2d 767, 769 (2d Cir. 1947) (applying equitable tolling where Plaintiff was a prisoner of war: "[W]e think we do the distinction no violence by holding that [the SIAA] will toll for one who is a prisoner in the hands of the enemy in time of war.").

In granting leave to amend, the Court encouraged the Plaintiffs to specifically allege facts supporting application of the doctrine of equitable tolling to the facts of this case. But the Amended Complaint plausibly alleges neither the Plaintiffs' diligence nor the existence of any extraordinary circumstances. The Plaintiffs *argue* in their response to the motion to dismiss the amended complaint (but do not *allege* in the Amended Complaint) that the USACE issued letters stating that the statute of limitations had been tolled until the USACE took final administrative action on the claim knowing that the claim was governed by the SIAA (not the FTCA) and thereby actively misled them. The Court does not, however, discern any such design by the USACE in its correspondence with the Plaintiffs. *See, e. g., Hedges v. United States*, 404 F.3d 744, 752 (3rd Cir. 2005) ("Hedges cites no cases for the

proposition that the Government has an affirmative duty to inform litigants, including *pro se* litigants, that they have viable judicial, as well as administrative remedies. Indeed, cases point in the opposite direction."). And even if the Plaintiffs *had included* such allegations in the Amended Complaint, the facts in this case are similar to those in *Ayers*, wherein the plaintiff filed an administrative claim under the FTCA for an injury suffered on the navigable waters of the United States and was advised by the USACE that the statute of limitations for filing suit would be tolled pending final administrative action by the USACE. As in this case, the *Ayers* plaintiff filed an FTCA action more than two years after the accident, and first learned that the action should have been brought under the SIAA when the Government filed a motion to dismiss. *Ayers*, 277 F.3d at 824-825, 829. The *Ayers* court noted that "[d]iligent research was likely to have revealed not only the existence of a possible claim under the SAA, but also that the limitations period for that action would most likely not be tolled by the filing of Appellant's administrative claim[,]" and concluded: "The district court's decision not to allow equitable tolling of the SAA's statute of limitations was correct and will be affirmed." *Id.* at 829.

For the reasons set forth above, IT IS HEREBY ORDERED that the United States of America's Motion to Dismiss Amended Complaint and Brief in Support [Docket No. 26] is hereby GRANTED. The above-styled action is hereby DISMISSED.

DATED this 27th day of September, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**